IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE RAY GRAY, ) | |
| ) | |
| Plaintiff ) | Case No. 1:19-cv-000125 (Erie) |
| ) | |
| vs. ) | |
| ) | |
| PA STATE TROOPER ) | |
| TIMOTHY WITTMAN ) | RICHARD A. LANZILLO |
| in his official and individual capacities, ) | UNITED STATES MAGISTRATE JUDGE |
| ALAN M. CONN, ) | |
| Warren County Public Defender, ) | MEMORANDUM OPINION AND |
| in his official and individual capacities ) | ORDER ON DEFENDANT'S |
| ) | MOTION TO DISMISS |
| ) | [ECF NO. 19] |

Presently before the Court is Defendant Timothy Wittman's Motion to Dismiss. ECF No. 19. For the reasons explained below, all federal law claims against Wittman will be dismissed with prejudice. Furthermore, the Court will exercise its screening authority under 28 U.S.C. § 1915(e)(2) and dismiss as frivolous Count III of the Complaint, which purports to assert a §1983 supervisory liability claim against an unnamed defendant. Finally, given the dismissal of all claims asserted under federal law, the Court will decline to exercise supplemental jurisdiction over the remaining state law claim against Wittman and the state law claims against Co-Defendant Alan Conn.[1]

I.   Introduction and Background

Plaintiff Eddie Ray Gray ("Gray"), proceeding *pro se*, commenced this action against Timothy Wittman, a Pennsylvania state trooper, asserting claims against him pursuant to 42 U.S.C. § 1983 for false arrest and malicious prosecution as well as a state law claim of false swearing by a

---

[1] The Court previously issued a Report and Recommendation on this matter on April 17, 2020. ECF No. 34. Given that all parties have consented to the jurisdiction of a United States Magistrate Judge, the Report and Recommendation will be vacated and is refiled herein as an Opinion of the Court. *See* 28 U.S.C. § 636(c)(1).

1

government official in violation of 18 Pa. C.S.A. § 4904.[2] Wittman has moved to dismiss all claims of Gray's Complaint against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]

Gray's habeas corpus proceedings in this Court preceded the present Complaint, and provide pertinent background.[4] As recounted in *Gray v. Tice*, No. 17-71, 2019 U.S. Dist. LEXIS 27413, **1-2 (W.D. Pa. Feb. 21, 2019) ("February 21 Order"), Gray and Jeremy Hoden, a non-party to this action, were imprisoned at the same correctional facility in 2012. During January and February of 2012, Gray and Hoden each mailed threatening letters to participants in Hoden's 2007 criminal cases. *Id.* at *2. As a result of the letters, the Commonwealth of Pennsylvania charged Gray and Hoden with Conspiracy, Terroristic Threats, Retaliation Against a Prosecutor or Judicial Official pursuant to 18 Pa. C. S. A. § 4953.1 ("§ 4953.1 Retaliation"), and Retaliation against a Witness or Victim in violation of 18 Pa. C.S.A. § 4953 ("§ 4953 Retaliation"). *Id.* at *3.

Following a jury trial in the Warren County Court of Common Pleas, Gray was convicted on multiple counts, including three counts of § 4953 Retaliation. *Id.* On September 7, 2012, he was sentenced to consecutive terms of imprisonment, representing a total aggregate sentence of 35-71 years. *Id.* at *4. Specifically, Gray was convicted and sentenced as follows: three to seven years at each count of three counts of § 4953 Retaliation; five to ten years at each of four counts of § 4953.1 Retaliation; five to ten years at one count of Conspiracy; and a fine at each of eight counts of

---

[2] At all times pertinent to this action, Gray was incarcerated at the Pennsylvania State Correctional Institution ("SCI") at Forest. At present, Gray is incarcerated at SCI Mahanoy. The Pennsylvania Department of Corrections Inmate Locator, http://inmatelocator.cor.pa.gov, confirms Gray's present incarceration.

[3] Gray's Complaint also names Alan Conn, an attorney, as a defendant. Gray's claims against Conn are not presently at issue, as Conn has filed an Answer to the Complaint. Conn has also filed a Motion for Judgment on the Pleadings which will be resolved in a separate order.

[4] This Court's February 21, 2019 Opinion and Order are not relied on to establish the existence of facts, except to the extent they recite the outcome of the state court prosecution of Gray, which is a matter of public record concerning which this Court properly takes judicial notice.

Terroristic Threats.  The sentencing court ordered that the sentence run consecutively with the term of incarceration that Gray was already serving.  *Id.*

Following post-conviction proceedings in the state court, Gray filed a petition pursuant to 28 U.S.C. § 2254 in this Court.  The petition was based on claims of ineffective assistance of trial counsel.  *Id.* at **4-5.  By Opinion and Order dated February 21, 2019, this Court granted the petition, and issued a conditional writ of habeas corpus.  *Id.* at **46-47.  In so doing, this Court allowed the Commonwealth to either retry Gray or opt to have his convictions for § 4953 Retaliation vacated, and have him resentenced.  *Id.* at *47.  The present Complaint followed.

II.     Standards of Review

    A.     Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to preclude dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ethypharm S.A. France v. Abbott Labs.,* 707 F.3d 223, 231 n.14 (3d Cir. 2013) (citing *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, n. 27 (3d Cir. 2010)).  "A claim has facial plausibility when the Gray pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The applicable standards require a complaint to do more than allege a Gray's entitlement to relief; it must "show" such entitlement through factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown—that the pleader is entitled to relief.' *Iqbal*, 556 U.S. at 679.  The "plausibility" determination is a "context-specific task

3

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "In short, a Motion to Dismiss should be granted if a party fails to allege facts which could, if established at trial, entitle him/her to relief." *Hill v. Cosby,* 2016 WL 247009, at *2 (M.D. Pa. Jan. 21, 2016) (citing *Twombly*, 550 U.S. at 563 n. 8)).Pro Se Parties

  B. Pro Se Pleadings

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969).

III. Gray's Complaint

Pertinent here, the Complaint alleges that in January and February of 2012, while incarcerated at SCI Forest, he sent three threatening letters to individuals associated with a prior criminal prosecution. ECF No. 5, ¶¶ 3, 6-8. Gray admitted writing the letters during an interview with Wittman, who oversaw a probe concerning the letters. *Id.* at ¶ 10-11. Ultimately, Wittman submitted both an affidavit of probable cause and a criminal complaint charging Gray with three counts of § 4953 Retaliation. *Id.* at ¶¶ 9-13. Gray alleges that Wittman initiated charges even though he knew that the recipients of Gray's letters did not sustain harm, as required for a violation of § 4953 Retaliation. *Id.* at ¶¶ 19-22.

Following this Court's February 21 Order granting habeas relief, the Commonwealth elected not to re-try Gray on the § 4953 Retaliation charges. *Id.* at ¶ 40. Gray served approximately four years of the now-vacated sentence. *Id.* at ¶42. Moreover, the Complaint alleges that a favorable

resolution of his Complaint would not disrupt the remaining convictions resulting from the Warren County proceeding.  *Id.* at p. 13.  *Id.* at ¶ 3.

      A.      Analysis

Gray's claims for false arrest and malicious prosecution arise under 42 U.S.C. § 1983 ("Section 1983").  In order to state a claim under Section 1983, Gray must allege that the subject misconduct was committed by a person acting under color of state law and that, as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42 (1988).

      1.      False Arrest – Claim I

Wittman moves to dismiss Gray's false arrest claim on grounds that Gray was already incarcerated at the time of the alleged constitutional violation.  In opposition, Gray contends that Wittman's conduct caused him to suffer deprivations of liberty, aside from his pre-existing incarceration, that are sufficient to support his claim.

A *prima facie* claim for false arrest requires proof of the constraint of a person against his will, without legal justification.  *Fennell v. Camden Cnty. Facility,* 2017 U.S. Dist. LEXIS 88204, at *13 (D.N.J. June 8, 2017); *see also Pittman v. McDuffy*, 240 Fed. Appx. 524, 526 (3d Cir. 2007).  In recent years, courts within this Circuit have repeatedly confirmed that a prisoner cannot state a claim for false arrest that occurred while he was already in custody.[5]  *See, e.g., Rosario v. Lynch*, No. 13-01945, 2017 U.S. Dist. LEXIS 149825, at *16 (E.D. Pa. Sep. 15, 2017); *Curry v. Yachera*, No. 14-5253, 2015 U.S. Dist. LEXIS 31744, at *19 (E.D. Pa. Mar. 12, 2015); *Regelman v. Weber*, No. 10 - 675, 2012 U.S.

---

[5] The Court is aware of *Jacobs v. City of Pittsburgh*, No. 08-470, 2011 U.S. Dist. LEXIS 44617, at *18 (W.D. Pa. Feb. 18, 2011), in which the Court declined to dismiss a false arrest claim solely because the Plaintiff was incarcerated at the time of the alleged arrest.  Although the defendant had failed to brief the issue, the Court took note of *Israel v. Superintendent of S.C.I. Fayette*, No. 08-428, 2009 U.S. Dist. LEXIS 20412, at *12 n. 8 (W.D. Pa. Mar. 12, 2009), and *McCabe v. City of Phila.*, No. 01-3975, 2002 U.S. Dist. LEXIS 23500, 2002 WL 32341787, at *4 (E.D. Pa. Nov. 13 2002).  Without analysis, the Court acknowledged that *Israel* and *McCabe* supported dismissal, but concluded that they did not do so conclusively.  *Id.* at *19.  Thus, in "an abundance of caution," the court allowed the claim to survive Rule 12(b)(6).  *Id.*  In light of confirmatory caselaw postdating *Jacobs*, such caution is no longer necessary.

Dist. LEXIS 140398, at *29 (W.D. Pa. Sep. 28, 2012); *Hall v. Berdanier*, No. 09-1016, 2012 U.S. Dist. LEXIS 40010, at *8 (M.D. Pa. Mar. 23, 2012).  Moreover, Gray asserts that he served four years imprisonment on the baseless charges before this Court vacated his sentence.  Nonetheless, his Complaint avers that he was incarcerated when the charges were initiated, and remains so at this time. He has not alleged that period of incarceration was lengthened as a result of Defendant Wittman's conduct; in other words, no new deprivation resulted therefrom.  Gray's claim fails for this reason.

Although he does not dispute his incarceration at the pertinent times, Gray insists that he nevertheless suffered a constitutional deprivation.  Specifically, he contends that he was deprived of liberty when Wittman's conduct caused Gray's removal from state custody at SCI Forest, transfer to Warren County Prison, and compelled participation in attendant court proceedings.  However, "[o]nce an individual has been lawfully taken into custody he has been seized for purposes of the Fourth Amendment; merely transferring custody of that individual from one law enforcement agency to another deprives him of nothing he has not already lost." *Harris v. Bowser*, 369 F. Supp. 3d 93, 102 (D.D.C. 2019) (quoting *Vanorsby v. Acevedo*, 2012 WL 3686787, at *5 (N.D. Ill. Aug. 24, 2012)).  Similarly, compelled attendance at court proceedings does not create a new deprivation for a person already incarcerated.  *See Israel v. Superintendent of S.C.I. Fayette*, 2009 U.S. Dist. LEXIS 20412, at *45 (W.D. Pa. Mar. 12, 2009).  Here, because Gray was already incarcerated at the time of Wittman's alleged conduct, the other consequences thereof do not support his *prima facie* claim for false arrest.[6]

---

[6] Gray's false arrest claim also fails as a matter of law because he does not, and cannot, allege that Wittmann did not have probable cause to arrest him for criminal acts associated with his threatening letters concerning which he was properly convicted.  Gray was charged with and convicted of multiple crimes associated with the letters, including multiple counts of Terroristic Threats, 18 PA. CONS. STAT. § 2706, and one count of Conspiracy, 18 PA. CONS. STAT. § 903.  Only the Retaliation convictions were disturbed as a result of his habeas corpus proceeding. See *Gray v. Tice*, 2019 WL 824045, at *2 (W.D. Pa. Feb. 21, 2019).  A defendant is insulated from false arrest liability so long as "[p]robable cause .... exist[ed] as to any offense that could be charged under the circumstances." *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994).  *See also Startzell v. City of Phila.*, 533 F.3d 183, 204 n.14 (3d Cir. 2008) (where a

In sum, Gray's Complaint fails to allege a deprivation of liberty sufficient to support a Section 1983 claim for false arrest. Moreover, as it appears that granting leave to amend would be futile, this dismissal will be with prejudice.

      2.   Malicious Prosecution – Claim II

As with Gray's false arrest claim, Wittman moves to dismiss the malicious prosecution claim on grounds that Gray was incarcerated at all pertinent times. In order to state a Section 1983 claim for malicious prosecution, a Gray must show the following elements: 1) that defendant commenced a criminal proceeding; 2) without probable cause; 3) with malice, or for reasons other than to bring the party to justice; and 4) the proceeding terminated in Gray's favor. *Morley v. Phila. Police Dep't,* 2004 U.S. Dist. LEXIS 12771, at *16 (E.D. Pa. July 7, 2004). In addition, in claiming malicious prosecution, Gray "must also establish that he was seized within the meaning of the Fourth Amendment." *Freeman v. Murray*, 163 F. Supp. 2d 478, 484 (M.D. Pa. 2001). Because the claim requires a deprivation of liberty consistent with the notion of "seizure," "[a] prisoner who is in custody when a criminal action is commenced against him cannot bring a malicious prosecution claim because the filing of criminal charges does not deprive him of liberty." *Jacobs v. City of Pittsburgh*, 2011 U.S. Dist. LEXIS 44617, at *12-13 (W.D. Pa. Feb. 18, 2011).

Like Gray's false arrest claim, his malicious prosecution claim will be dismissed for failure to state a constitutional deprivation. The Court notes, too, that Gray does not allege that he served any additional time in prison as the result of Wittman's conduct. Indeed, as previously noted, Gray was charged with and convicted of multiple crimes associated with the letters that were not disturbed by the habeas corpus proceedings. *See, supra,* n. 6; *Gray v. Tice*, 2019 WL 824045, at *2 (W.D. Pa. Feb.

---

plaintiff is arrested for multiple charges, establishing probable cause on one charge is enough to defeat a false arrest claim). Thus, "there need not have been probable cause supporting charges for every offense for which an officer arrested a plaintiff for the arresting officer to defeat a claim of false arrest." *Johnson v. Knorr*, 477 F.3d 75, 84–85 (3d Cir. 2007).

21, 2019). As it appears that amendment would be futile, this claim will be dismissed with prejudice.[7]

### 3. State Tort Claim – Claim IV

Gray does not oppose Wittman's Motion to Dismiss his remaining state law claim. Specifically, Gray states that he "will not oppose that he will not be able to prevail on his state tort claim." ECF. No. 23 at p. 10. Therefore, this claim will be dismissed. Mindful of both Gray's *pro se* status and the fact that such claim has not been subject to substantive adjudication, this dismissal will be without prejudice. However, the Court will decline to exercise supplemental jurisdiction over this claim because all federal law claims against Wittman have been dismissed with prejudice, and no claim under federal law has been asserted against defendant Alan Conn.

## III. Leave to Amend

District courts generally must allow a pro se plaintiff such as Gray leave to amend a deficient complaint prior to dismissal unless doing so would be futile. *See Gay v. City of Phila.*, 603 Fed. Appx. 87, 88 (3d Cir. 2015) (citing *Grayson v. Mayview State Hosp.* 293 F.3d 103, 108 (3d Cir. 2002)). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original [pleading] or if the amended [pleading] cannot withstand a renewed motion to dismiss." *Citizens Bank of Pa. v. Reimbursement Techs., Inc.*, 609 Fed Appx. 88, 95 (3d Cir. 2015) (quoting *Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 292 (3d Cir. 1988)). As explained above, Gray's federal law claims against Wittman will be dismissed with prejudice as any attempt at amendment would be

---

[7] At Count III of his Complaint, Gray asserts a supervisory liability claim against a yet to be identified defendant. ECF No. 5, pp. 13-14. This claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2), which directs a court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." This screening obligation "is not excused even after defendants have filed a motion to dismiss" or motion for summary judgment. *Banks v. County of Allegheny*, 568 F. Supp.2d 579, 587-89 (W.D. Pa. 2008); *Burton v. Verano*, 2016 WL 4697361, at *2 (M.D. Pa. July 14, 2016). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks*, 568 F. Supp. 2d at 588. Here, because Gray has failed to allege a constitutional violation, he likewise cannot state a supervisory liability claim under § 1983. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Accordingly, the Court will dismiss Count III as frivolous.

futile. Although the undersigned offers no assessment regarding the viability of Gray's state law claim against Wittman or his state law claim against co-defendant Alan Conn, considerations of comity and judicial efficiency weigh against this Court exercising supplemental jurisdiction over those state law claims.

IV.     Conclusion and Order

For the foregoing reasons, it is Ordered as follows:

A. Defendant Timothy Wittman's Motion to Dismiss [ECF No. 19] is **GRANTED** and all federal law claims against Wittman are hereby dismissed with prejudice;

B. Count III of the Complaint asserting a supervisory liability claim against an unnamed defendant is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2); and

C. The Court declines to exercise supplemental jurisdiction over the surviving state law claim against Wittman and the state law claims against Co-Defendant Alan Conn.

The Clerk of Court is directed to close this case.

**ORDERED AND ENTERED THIS** 1st day of May, 2020.

_____
RICHARD A. LANZILLO
United States Magistrate Judge